Dear Mrs. Townley,
The Attorney General has received your request for an official opinion asking, in effect:
 Can the Oklahoma Department of Mines (ODM) pursuant to 45 O.S. 745.16.1 (1984) utilize federal grant money, applied for and received by ODM, to pay a qualified laboratory to provide assistance to eligible small coal mining operators as authorized by the Small Operator Assistance Program (SOAP), 30 C.F.R. § 795.1 et seq., without violating Article X, Section 15 of the Oklahoma Constitution?
The Surface Mining Control and Reclamation Act of 1977, as amended,30 U.S.C.A. 1201 et seq. (hereafter Act) was enacted by the Congress of the United States to "strike a balance between protection of the environment and agricultural productivity and the Nation's need for coal as an essential source of energy." 30 U.S.C.A. 1202(f). As part of the Act, there was established within the Department of Interior, the Office of Surface Mining Reclamation and Enforcement, which was empowered to promulgate rules and regulations necessary to carry out the purposes and provisions of the Act. 30 C.F.R. § 1211(c)(2). Regulations pertaining to the Small Operator Assistance Program (SOAP) were promulgated pursuant to this authority and such regulations are found at 30 C.F.R. § 795.1
et seq. The specific statutory authority for SOAP is found at30 U.S.C.A. 1257(c).
The general purpose of SOAP is specified in 30 C.F.R. § 795.1 which provides in part:
 "The purpose of the program is to provide for eligible operators a determination of probable hydrologic consequences and a statement of results of test borings or core samplings which are required components of the permit application [for surface coal mining and reclamation operations and coal exploration]."
The determination specified in 30 C.F.R. § 795.1 is to be accomplished by a qualified laboratory chosen by ODM, an official of which would act as the program administrator. Further, as the law clearly provides, said laboratory is allowed to be paid by ODM from federal grant funds applied for and received by ODM pursuant to 30 C.F.R. § 735.1
et seq., and 795.1 et seq.
Title 45 O.S. 745.16.1 (1984) mandates that ODM operate a small operator assistance program to the extent required by federal law and authorizes ODM to enter into cooperative agreements with the Secretary of Interior regarding the distribution of funds to administer such program. Your question concerns whether ODM can pay a qualified laboratory to make the determination necessary under 30 C.F.R. § 795.1 from these federal funds once they have been deposited in the State Treasury, without violating Article X, Section 15 of the Oklahoma Constitution.
Article X, Section 15 of the Oklahoma Constitution provides:
 "The credit of the State shall not be given, pledged, or loaned to any individual, company, corporation, or association, municipality, or political subdivision of the State; nor shall the State become an owner or stockholder in, nor make donation by gift, subscription to stock, by tax, or otherwise, to any company, association, or corporation."
In three previous Attorney General Opinions, this office essentially ruled that the Oklahoma Department of Transportation could not dis burse federal or private funds once these funds were deposited in the State Treasury to any "company, association or corporation" without running afoul of Article X, Section 15 of the Oklahoma Constitution based on the rationale that once so deposited, said monies assumed the character of state money. See A.G. Opin. Nos. 79-44, 79-108, and 79-299.
Subsequently, the Supreme Court of Oklahoma in the case of In reApplication of State of Oklahoma ex rel. Department of Transportation,646 P.2d 605 (Okla. 1982), rejected the view expressed in A.G. Opin. Nos. 79-44, 79-108, and 79-299 that once federal or private matching funds are deposited in the State Treasury, they assume the character of state money. The Supreme Court stated:
 "Federal money deposited in the state treasury pursuant to some grant-in-aid program is held in trust for a specific purpose. Like other custodial funds, it retains its original legal character. The legislature wields no authority over such funds. It may not subvert congressional policy by diverting the money to another purpose. Once accepted by the state, federal funds stand burdened with a trust which follows them from the moment of the deposit. Private funds, when accepted by and paid into the state treasury for the purpose of matching federal funds, become similarly burdened with the very same trust terms. This is so because the conditions of the federal grant also affect, and impress themselves upon, the expenditure of matching funds." Id. at 609-610 (citations omitted).
Accordingly, the Supreme Court ruled that the Oklahoma Department of Transportation could disburse to private concerns said federal or private funds received by it pursuant to some federal grant-in-aid program, as contemplated by such program, without violating Article X, Section 15 of the Oklahoma Constitution. Virtually the identical situation as was involved in In re Application of Department of Transportation is posed by your question concerning ODM and its administration of SOAP. The holding therein when superimposed on the statutes and regulations concerning ODM and SOAP cited in this Opinion requires a finding that ODM may, indeed, expend federal grant money received by it pursuant to 30 C.F.R. § 795.1
et seq., which is subsequently deposited in the State Treasury, to pay a qualified laboratory to make the determination under said section for the benefit of eligible small coal operators, without violating Article X, Section 15 of the Oklahoma Constitution. To the extent A.G. Opin. Nos. 79-44, 79-108, and 79-299 are inconsistent with this opinion and In reApplication of Department of Transportation, supra, they are hereby modified.
It should further be noted that the instant opinion does not address the related issue answered in A.G. Opin. No. 79-213A. That Opinion ruled that ODM could not utilize state tax dollars collected pursuant to then45 O.S. 931 (1979), now 45 O.S. 931 (1984), to pay a qualified laboratory to make the determination under 30 C.F.R. § 795.1 and the predecessor statute, 45 O.S. 745.16 (1979), to 45 O.S. 745.16.1 (1984) or to otherwise assist small mining operators with such state tax dollars.
It is, therefore, the official opinion of the Attorney General that theOklahoma Department of Mines (ODM), pursuant to 45 O.S. 745.16.1 (1984),may utilize federal grant money, applied for and received by ODM, to paya qualified laboratory to provide assistance to eligible small coalmining operators as authorized by the Small Operator Assistance Program(SOAP), 30 C.F.R. § 795.1 et seq., without violating Article X,Section 15 of the Oklahoma Constitution. Further, A.G. Opin. Nos. 79-44,79-108, and 79-299 are modified to the extent those Opinions areinconsistent or conflict with the instant Opinion and the holding of theSupreme Court of Oklahoma in the case of In re Application of State ofOklahoma ex rel. Department of Transportation, 646 P.2d 605 (Okla.1982).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JOHN GALOWITCH, ASSISTANT ATTORNEY GENERAL